IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE W. SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| MONTGOMERY COMMUNITY ) | JURY TRIAL DEMANDED |
| ACTION AGENCY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff, ANNIE W. SELLERS, by and through the undersigned counsel of record, K. David Sawyer, of McPhillips Shinbaum, L.L.P., and hereby asserts her Complaint against the named Defendant Montgomery Community Action Agency, as set forth herein.

### I. JURISDICTION & VENUE

1. Plaintiff Annie W. Sellers files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, et seq., (the "ADAAA"); and the Family and Medical Leave Act, 29 U.S.C.

1

§ 2601 *et. seq.* (the "FMLA"), in order to obtain any and all compensatory and punitive damages, equitable relief, including reasonable attorneys' fees and costs, and other damages suffered by the Plaintiff, due to the named Defendant's wrongful and willful acts taken against Plaintiff.

2. Venue is proper in the Northern Division of Middle District of Alabama, since the majority of the alleged willful and wrongful actions of the Defendant occurred in Montgomery County, Alabama.

## II.   PARTIES

3. The named Plaintiff, Annie W. Sellers (hereinafter "Plaintiff" or "Ms. Sellers") is a citizen of the United States and a resident of Montgomery County, Alabama. Plaintiff is over the age of nineteen years.

4. The named Defendant, Montgomery Community Action Agency (hereinafter "Defendant" or "MCAA"), is a corporate entity located in Montgomery County, Alabama, and has committed willful and wrongful acts against the Plaintiff in violation of both the ADAAA and the FMLA. At asserted in this Complaint, Ms. Annie Sellers was employed by the MCAA located in Montgomery County, Alabama.

## III.   STATEMENT OF FACTS

5. Ms. Annie Sellers is currently sixty-seven (67) years old and had been employed by the MCAA for approximately thirty (30) years, served as an employee

of MCAA for many years as an Accounting Service Manager, and addressed the many financial obligations and responsibilities of MCAA.

6. Ms. Sellers suffers from a qualified disability under the ADA, and was treated for her qualifying knee injury, surgery and resulting disability since 2021.

7. Beginning in September 2021, Ms. Sellers was allowed to work remotely to adequately accommodate Ms. Sellers and her disability, including a serious injury to her knee.

8. It was not uncommon for MCAA to allow Ms. Sellers to work from home, as MCAA often allowed other MCCA employees to work from home.

9. On or about February 1, 2022, physicians performed surgery on Ms. Sellers's knee to further address her knee injury. At that time, Ms. Sellers requested MCAA for leave as allowed by the FMLA.

10. Shortly thereafter, beginning on or about February 4, 2022, Ms. Sellers began working at home due to her surgery and surgery recovery.

11. At or about that same time, Mr. Benjamin Jones, the MCAA Director, informed Ms. Sellers that he would be placing her on "leave of absence" due to her surgery.

12. Ms. Sellers responded and requested to be placed on FMLA leave as allowed and provided.

13. Shortly thereafter, Ms. Alice Weary of the MCAA informed Ms. Sellers that she would need to provide MCAA with a proper "medical excuse," in order to continue to work remotely while on FMLA leave.

14. MCAA also requested and received adequate FMLA information from Ms. Sellers's health care provider allowing her to return to work from home on March 21, 2022, and later to return to work at the MCAA office on March 28, 2022.

15. Ms. Sellers also promptly provided Ms. Barbara Ray, the MCAA Human Resources Coordinator, with all requested medical information and medical excuses.

16. Ms. Barbara Ray did not share Ms. Sellers's FMLA information with Ms. Alice Weary asserting certain HIPAA protections.

17. Several days later, on or about February 7, 2022, Ms. Tina Baker, the MCAA Human Resources Director also contacted Ms. Sellers. Ms. Baker advised Ms. Sellers that she needed to provide "adequate medical information" in order to work remotely from her home.

18. Ms. Yee, a new interim CFO under contract with MCAA, then contacted Ms. Sellers and asserted that certain "deadlines were not being met," and that her productivity and communication were not at the level of expectation for an accounting supervisor. However, Ms. Yee provided Ms. Sellers with no information supporting her broad accusations.

19. Ms. Tina Baker again instructed Ms. Sellers to obtain written notice from her doctor as to when she could return to work full-time at the MCAA office.

20. On or about March 28, 2022, as instructed and as documented by her physician, Ms. Sellers returned to work at the MCAA office and met with Ms. Baker and Ms. Yee, a new interim CFO under contract with MCAA. At this meeting, and without explanation and without allowing Ms. Sellers an opportunity to respond, Ms. Baker and Ms. Yee provided Ms. Sellers "a new job description" that essentially removed all of Ms. Sellers's many managerial and supervisory responsibilities.

21. In addition, at the meeting on March 28, 2022, Ms. Baker and Ms. Yee informed Ms. Sellers that if she was not willing to accept her new job and new job description, she would no longer be working at MCAA. Ms. Sellers was not permitted to return to the job she held prior to taking her FMLA leave.

22. Although MCAA had instructed Ms. Sellers to return to the office to perform her many duties as Accounting Service Manager, MCAA had essentially, and without notice, removed each of Ms. Sellers's managerial and supervisory duties.

23. In fact, Ms. Sellers's "new job" and "new job description" no longer allowed Ms. Sellers to perform each of the following duties:

    a. Supervise accounts payable staff;

    b. Accounts payable staff report to Ms. Sellers;

      c. Supervise payroll;

      d. Access to accounts payable including payroll data; and

      e. Access to banking information.

24. Moreover, Ms. Sellers's "new job description" required her to merely archive records; prepare reports when assigned; and assume Ms. Weary's duty of reporting MCAA's funding sources.

25. Ms. Yee had further advised MCAA staff not to communicate with Ms. Sellers when she returned from leave, and also had removed much of Ms. Sellers's access to many areas of her prior job duties and responsibilities.

26. Ms. Yee even instructed other employees to watch Ms. Sellers each day, and to advise Ms. Yee of Ms. Sellers's start time, lunch time, and end time, each day at work.

27. Ms. Yee also commanded Ms. Sellers not to speak with MCAA staff or with the MCAA Director, Mr. Benjamin Jones, but to speak only with her.

28. When Ms. Sellers questioned Ms. Yee's position as "an independent CFO," Ms. Yee responded, "that was no one's business."

29. On March 29, 2022, Ms. Sellers informed Ms. Yee that she needed to leave the office due to a medical condition. Ms. Yee responded by telling Ms. Sellers she could not leave work when sick or ill but needed to explain her medical

condition to Ms. Yee and request her permission. Ms. Yee did not require this from other employees.

30. When Ms. Sellers consulted with her physician concerning her knee and surgery, the physician recommended that Ms. Sellers remain away from work for approximately six weeks.

31. On or about May 17, 2022, Ms. Sellers again returned to work.

32. Upon returning, on the morning of May 18, 2022, Ms. Yee promptly informed Ms. Sellers that additional changes had been made to her job duties. This included the removal of Ms. Sellers's access to the Payment Management System and any check register.

33. MCAA also ordered Ms. Sellers to return any and all property, including any laptop and printer, to MCAA, and that she would be charged for the equipment if not immediately returned. Ms. Yee asserted Ms. Sellers no longer needs any equipment for her new job duties.

34. Ms. Sellers became the only management level employee without a laptop.

35. On May 19, 2022, after Ms. Sellers asked another employee about an unfamiliar vendor, Ms. Yee stormed into Ms. Sellers's office, yelling at her and screaming that Ms. Sellers had no business looking at the check register. Ms. Yee continued by admonishing Ms. Sellers to keep her nose out of accounts payable.

36. Ms. Yee's actions and words used for scolding Ms. Sellers were also made in front of other employees and were intimidating, disparaging and harassing. MCAA had essentially removed Ms. Sellers from her position and dramatically precluded Ms. Sellers from performing her numerous duties performed at MCAA for many years.

37. Several days later, on May 24, 2022, Ms. Yee stood outside Ms. Sellers's office and began taking photos of Ms. Sellers's while on the phone, and while Ms. Sellers's began closing the door to her office to speak on her phone.

38. Thereafter, Ms. Sellers contacted Mr. Benjamin Jones, MCAA Director, and explained to Mr. Jones how she was being subjected to continued harassment by Ms. Yee and others; and had been made to return to work in a hostile and toxic work environment.

39. After Mr. Jones agreed to meet with Ms. Yee and Ms. Sellers, Ms. Yee took further retaliatory action against Ms. Sellers by demanding her to turn in her company laptop computer. Ms. Yee also advised Ms. Sellers that if she still needed a laptop, she would have to purchase one herself.

40. Also, shortly after Mr. Jones agreed to meet with Ms. Yee and Ms. Sellers, Ms. Yee began assigning additional work to Ms. Sellers, and then abruptly changed and modified each of these new assignments.

41. Mr. Jones, Ms. Yee and others knew of Ms. Sellers's knowledge and lengthy experience; that Ms. Sellers had been second in command; and that Ms. Sellers was well qualified for the CFO position at MCAA.

42. Moreover, pursuant to MCAA's common practice, MCAA should have named Ms. Sellers as interim CFO at the time Alice Weary left the CFO position.

43. Mr. Jones, Ms. Yee and many others also were well aware that Ms. Sellers's supervisory duties had been eliminated upon her return to work. After her return to work, no MCAA employee was allowed to report to Ms. Sellers. Ms. Sellers essentially had been significantly demoted and stripped of all her managerial duties.

44. In addition, Ms. Yee and others at MCAA began acting to withhold Ms. Sellers's pay unlike other employees. Without explanation, and in further efforts to harass Ms. Sellers and force Ms. Sellers to resign, Ms. Yee repeatedly withheld Ms. Sellers's pay at her own discretion and without documentation or explanation.

45. After returning to work in March 2022, Ms. Sellers regularly explained to her physicians all that was occurring at work at MCAA; how her days at work were not only intimidating, hostile, and toxic, but also causing her to suffer continued mental and emotional stress, anxiety, and depression, and also how this affected her physically.

46. On May 16, 2022, Ms. Sellers filed a charge of discrimination with the EEOC alleging MCAA's ongoing disability discrimination.

47. By August 4, 2022, Ms. Sellers's work environment at MCAA had become so intimidating, hostile, and toxic that Ms. Sellers could not survive at work. MCAA had effectively removed Ms. Sellers from her job and many duties, and essentially and constructively terminated Ms. Sellers from her long-term employment with MCAA.

48. On June 24, 2023, during the EEOC's investigation of Ms. Sellers's charge of discrimination, the MCAA wrote to Ms. Sellers claiming she had abandoned her job.

49. On July 29, 2024, the EEOC issued Ms. Sellers a "Right to Sue" as to her charge of discrimination filed with the EEOC more than two years earlier on May 16, 2022. (Attached as Exhibit 1).

50. As a direct and proximate result of the Defendant's unlawful actions, Ms. Sellers has suffered significant compensatory damages, mental anguish and emotional distress, including, but not limited to, lost back pay and benefits.

## IV.   CLAIMS

### COUNT ONE

**DISABILITY DISCRIMINATION IN VIOLATION OF
THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT
OF 2008, 42 U.S.C. § 12101, et seq., (the "ADAAA")**

51. Plaintiff realleges incorporates by reference herein each and every allegation contained in paragraphs 1 through 50, as stated above.

52. Plaintiff avers that she is an individual with qualifying disabilities. These disabilities qualify for consideration and protection under the ADAAA, 42 U.S.C. § 12101, et seq.

53. The ADDAA prohibits discrimination on the basis of disability by any employer, in any program and/or activity.

54. The Defendant MCAA intentionally, deliberately, willfully and maliciously discriminated against Ms. Sellers due to her disabilities and/or perceived disabilities, in callous disregard of Ms. Sellers's rights under the ADAAA, and in violation of its affirmative duties under the ADAAA.

55. The Defendant MCAA also regarded Ms. Sellers as having a disability and refused to provide Ms. Sellers with reasonable accommodation because of her disability and/or perceived disability.

56. By reason of the Defendant's discrimination, Ms. Sellers is entitled to all legal and equitable remedies available under the ADAAA, including money damages and injunctive relief.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant her the following relief:

a) Judgment declaring that the Defendant MCAA has discriminated against her because of her disability and/or perceived disability, in violation of the ADAAA;

b) Equitable and injunctive relief to which Plaintiff may be entitled;

c) An award of compensatory damages to which Plaintiff may be entitled;

d) An award of all court costs and reasonable attorneys' fees pursuant to the ADAAA; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO

### DISABILITY RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008, 42 U.S.C. § 12101, et seq., (the "ADAAA")

57. Plaintiff realleges incorporates by reference herein each and every allegation contained in paragraphs 1 through 56, as stated above.

58. Plaintiff avers that she is an individual with qualifying disabilities. These disabilities qualify for consideration and protection under the ADAAA, 42 U.S.C. § 12101, et seq.

59. The ADDAA prohibits discrimination and retaliation on the basis of disability by any employer, in any program and/or activity.

60. The Defendant MCAA intentionally, deliberately, willfully and maliciously retaliated against Ms. Sellers due to her disabilities and/or perceived disabilities, in callous disregard of Ms. Sellers's rights under the ADAAA, and in violation of its affirmative duties under the ADAAA.

61. The Defendant MCAA also regarded Ms. Sellers as having a disability and retaliated against Ms. Sellers because of her disability and/or perceived disability.

62. By reason of the Defendant's retaliation, Ms. Sellers is entitled to all legal and equitable remedies available under the ADAAA, including money damages and injunctive relief.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant her the following relief:

a) Judgment declaring that the Defendant MCAA has retaliated against her because of her disability and/or perceived disability, in violation of the ADAAA;

b) Equitable and injunctive relief to which Plaintiff may be entitled;

c) An award of compensatory damages to which Plaintiff may be entitled;

d) An award of all court costs and reasonable attorneys' fees pursuant to the ADAAA; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT THREE

## WILLFUL DISCRIMINATION IN VIOLATION OF
## THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601 et seq.

63. Plaintiff, Ms. Annie Sellers, realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 62, inclusive.

64. Plaintiff Sellers is informed and believes, and on that basis alleges, that MCAA qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff Sellers is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

65. Plaintiff Sellers is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that MCAA willfully discriminated against her for requesting, or attempting to request, the leave afforded her by the FMLA.

66. Plaintiff Sellers is informed and believes the unlawful acts of MCAA in violating the FMLA were willful, voluntary, deliberate, intentional, and not merely negligent. MCAA either knew or showed reckless disregard for the matter of whether its unlawful conduct was prohibited by the FMLA.

67. Plaintiff Sellers is informed and believes, and on that basis alleges, that MCAA willfully violated the FMLA (a) by failing to provide Plaintiff with adequate notice, information and leave required by FMLA; (b) by refusing to allow Plaintiff

to request leave provided by the FMLA; (c) by refusing to return Plaintiff to her position of employment as required; (d) by refusing to return Plaintiff to an equivalent position with substantially similar duties, conditions, responsibilities, privileges and status as Plaintiff's original position (e) by wrongfully removing Plaintiff's many duties and responsibilities; (f) by wrongfully threatening Plaintiff with her termination and loss of accrued benefits; and (g) by constructively terminating Plaintiff.

68. Plaintiff Sellers is informed and believes, and on that basis alleges, that MCAA is responsible for its willful violations of the FMLA.

69. As the direct and proximate result of the willful FMLA violations taken by MCAA, the Plaintiff has incurred, and is now incurring, a loss of wages and benefits, in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant the following relief:

a) Judgment for these costs including, without limitation, lost wages and benefits;

b) back pay from the effective date of constructive termination;

c) lost benefits and medical expenses from the date of constructive termination, including any lost employment benefits from the date of constructive termination;

    d)    the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA;

    e)    compensatory damages, including for mental anguish,

    f)    court costs and reasonable attorneys' fees; and

    g)    equitable and such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT FOUR

### WILLFUL RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2601, et seq.

70.    Plaintiff realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 69, inclusive.

71.    Plaintiff Sellers is informed and believes, and on that basis alleges, that MCAA qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

72.    Plaintiff is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that MCAA willfully retaliated against her for requesting, or attempting to request, the leave afforded her by the FMLA, in violation of the FMLA, 29 U.S.C. § 2615(a)(2).

73. Plaintiff is informed and believes, and on that basis alleges, that after requesting or attempting to request leave provided by the FMLA, MCAA willfully retaliated against her (a) by failing to provide Plaintiff with adequate notice, information and leave required by FMLA; (b) by refusing to allow Plaintiff to request leave provided by the FMLA; (c) by refusing to return Plaintiff to her position of employment as required; (d) by refusing to return Plaintiff to an equivalent position with substantially similar duties, conditions, responsibilities, privileges and status as Plaintiff's original position; (e) by wrongfully removing Plaintiff's many duties and responsibilities; (f) by wrongfully threatening Plaintiff with her termination and loss of accrued benefits; and (g) by constructively terminating Plaintiff in retaliation for requesting or attempting to request leave provided by the FMLA.

74. Plaintiff Sellers is informed and believes the unlawful acts of MCAA in retaliating against her in violation of the FMLA were willful, voluntary, deliberate, intentional, and not merely negligent.  MCAA either knew or showed reckless disregard for the matter of whether its unlawful conduct was prohibited by the FMLA.

75. Plaintiff is informed and believes, and on that basis alleges, that MCAA willfully retaliated against her in violation of 29 U.S.C. § 2615(a)(2), and section

825.220 of the FMLA regulations, and is responsible for its violations under the FMLA, 29 U.S.C. § 2617.

76. As the direct and proximate result of the FMLA retaliation taken by MCAA, including the constructive termination of Plaintiff, she has incurred, and is now incurring, a loss of wages and benefits, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant the following relief:

a) Judgment for these costs including, without limitation, lost wages and benefits;

b) back pay from the effective date of termination;

c) lost benefits and medical expenses from the date of termination, including any lost employment benefits from the date of termination;

d) the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617;

e) compensatory damages, including for mental anguish,

f) court costs and reasonable attorneys' fees; and

g) equitable and such further, other and different relief as the Court may deem appropriate and necessary.

## V. JURY TRIAL DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 18th day of October 2024.

                                                Annie W. Sellers, Plaintiff
                                                By:

                                                /s/ K. David Sawyer
                                                K. David Sawyer (ASB-5793-R61K)
                                                Counsel for Plaintiff

**OF COUNSEL:**

McPhillips Shinbaum, LLP
516 S. Perry Street
Montgomery, AL  36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
kdsawyer64@outlook.com
Counsel for Plaintiff

**PLAINTIFF WILL SERVE THE DEFENDANT Montgomery Community Action Agency BY PERSONAL PROCESS SERVER AT:**

**Montgomery Community Action Agency**
**c/o Mr. Benjamin Jones**
**1066 Adams Avenue**
**Montgomery, Alabama  36104**